# STATE OF FLORIDA v GILIO
## Case No. 8501683CFAWS
Sixth Judicial Circuit, Pasco County
April 30, 1987

**APPEARANCES OF COUNSEL**

**Office of the State Attorney** for plaintiff.
**Marc H. Salton** for defendant.

**OPINION OF THE COURT**

W. LOWELL BRAY, JR., Circuit Judge.

The defendant's Motion to Suppress having come before the Court, and the Court having heard testimony of witnesses and the argument of counsel, the Court finds:

1. On July 17, 1985, security personnel of Florida Power and Deputy Hummons Morton of the Pasco County Sheriff's Department entered the defendant's residence, at which time, an appliance survey was taken of electrical appliances within the defendant's residence and garage.

2. Security personnel of Florida Power, prior to entering the defendant's residence, called the Pasco County Sheriff's Department and requested the presence of an officer.

3. The defendant told the security personnel of Florida Power that he did not want them to enter his residence.

4. On at least one occasion and in the presence of the Pasco County deputy, security personnel of Florida Power told the defendant that his electric power would be shut off if they were not allowed access to his residence.

5. Security personnel of Florida Power refused to enter the defendant's house and conduct the appliance inventory unless they were accompanied by the Pasco County deputy.

6. While in the defendant's residence, Deputy Morton questioned the defendant about the case and threatened to arrest the defendant and "everyone in the house".

7. While Deputy Morton and the Florida Power security personnel were in the defendant's residence, the Florida Power personnel specifically involved Deputy Morton in the appliance survey by calling him to the garage and showing him certain items located in that area, including a refrigerator and freezer.

8. Within minutes after the appliance inventory was completed, Deputy Morton placed the defendant under arrest for Grand Theft.

The law is clear that a search conducted by a private individual cannot be used to circumvent the protections of the Fourth Amendment. It is not equally clear what level of involvement by the state tips the scale and invalidates the search. The following four tests have been applied by various courts:

1. *Arm of the Police*—When a private witness acted as an arm of the police in removing items from a defendant's apartment, such evidence was inadmissible in the absence of a search warrant. *Moody v. United States*, 163 A.2d 337 (1960).

2. *Under Color of Authority*—When a private witness (landlady and

28

victim) entered an apartment with a policeman who stood by and told her to place articles she recovered in a suitcase and take them to police headquarters, she was acting under color of their authority and as a participant, thereby making the evidence inadmissible. *State v. Scrotsky*, 189 A.2d 23 (N.J. 1963)

3. *Knowledge and Consent*—When federal authorities were aware, or should have been aware, that an osteopath's employee was removing and copying his records, there existed a constitutionally prohibited search because the activity was conducted with government knowledge and consent, tacit or explicit, even though the government authorities are not physically on the scene. *United States v. Mekjian*, 505 F.2d 1320 (C.A. 5th C. 1975)

4. *Directs, Participates or Acquiesces*—When school officials conducting a search (not unconstitutional in itself) were accompanied by a law enforcement officer, the evidence seized was suppressed because the usual constitutional standards apply when an officer directs, participates or acquiesces in a search conducted by a private party. *M.J. Achill v. State*, 399 So. 2d 996 (Fla. 1st DCA 1981)

The Court finds that the search in the instant case fails to pass constitutional muster under any of the four tests set out above. However, the Court specifically adopts and applies the "Directs, Participates or Acquiesces" standard, and it is therefore

ORDERED AND ADJUDGED that the defendant's Motion to Suppress is hereby granted.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 30th day of April, 1987.